IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEAR RIVER MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN CLAIMS, INC. and TAD NORRIS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>Case No. 2:16-CV-1034 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiff is the homeowner's insurer for the home of Jeff and Julie Schoepf (the "Schoepfs"). The policy issued by Plaintiff to the Schoepfs provided coverage in the event of a loss to their home caused by a fire. On July 23, 2011, a fire caused substantial damage to the Schoepfs' home, totaling over $1 million.

Plaintiff retained Defendant Intermountain Claims, Inc. ("ICI") to investigate the cause and origin of the fire. ICI assigned Defendant Tad Norris ("Norris") to the investigation. On July 26, 2011, Norris visited the scene and conducted a preliminary investigation. Based upon that investigation, Norris concluded that the fire may have been caused by the Schoepfs' 1994 Ford F-150, which had been parked inside the garage at the time of the fire.

On August 17, 2011, Norris conducted a second scene investigation where several items of interest were identified and labeled as evidence, including the Ford's speed control

deactivation switch hexport (the "Hexport"). After completing this second inspection, the evidence was retained, photographed, and stored at Defendants' evidence storage. Defendants concluded and reported to Plaintiff that the fire was caused by a defect in the Hexport, which had been recalled due to the possibility of unexpectedly catching fire.

On September 9, 2011, Defendants mailed the Hexport to the engineering firm MorrFire Investigation ("MorrFire") in Atlanta, Georgia for further examination. After receiving the Hexport, MorrFire confirmed that there was evidence of an internal failure within the Hexport. Based upon this, Defendants prepared and submitted a report concluding that the fire was caused by a defect in the Hexport.

On November 15, 2011, MorrFire sent the Hexport back to Defendants. The package was specifically addressed to Norris. The package was delivered to ICI on November 28, 2011, and was signed for by someone named "Hairison."[1]

The Schoepfs brought suit against Ford Motor Company ("Ford") alleging negligence and products liability.[2] As part of that litigation, Ford sought to inspect the Hexport. Plaintiff requested Defendants produce the Hexport for inspection. However, Defendants reported that they lost the Hexport and could not produce it for inspection.

Based on the failure to produce the Hexport, Ford sought sanctions for spoliation of evidence. The Honorable Dee Benson granted Ford's request.[3] Judge Benson ruled that Ford was entitled to an adverse inference instruction at trial and that Plaintiff pay Ford an amount equal to 20% of any amounted awarded in the related action.

---

[1] Case No. 2:12-CV-731 DB, Docket No. 23 Ex. B-4.

[2] Plaintiff was later substituted as the plaintiff in place of the Schoepfs.

[3] Case No. 2:12-CV-731 DB, Docket No. 35.

Plaintiff brought this action against ICI and Norris in state court, asserting a claim for negligence. Plaintiff alleges that because of Defendants' actions, they are unable to prove that the Hexport caused the fire and will be unable to prevail in their action against Ford. Even if Plaintiff were able to prevail, Plaintiff would still have to pay Ford 20% of any amount awarded.

Defendants removed this action on October 5, 2016. The sole basis for Defendants' removal is diversity. Plaintiff is a Utah corporation with its principal place of business in Salt Lake County, Utah. Defendant ICI is an Idaho corporation with its principal place of business in Pocatello, Idaho. Defendant Norris is a citizen of, and is domiciled in, the state of Utah. Defendants contend that Defendant Norris has been improperly joined and that his citizenship should be disregarded for the purposes of determining diversity jurisdiction.

## II. DISCUSSION

28 U.S.C. § 1441 allows for removal of cases in which the "district courts of the United States have original jurisdiction." Section 1332(a) provides for original jurisdiction over cases between citizens of different states. "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."[4] As stated, both Plaintiff and Defendant Norris are citizens of Utah. Therefore, removal would generally be improper. However, Defendants contend that removal is proper in this case because Norris has been fraudulently joined.

To establish fraudulent joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

[4] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

action against the non-diverse party in state court."[5] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[6]

In cases where fraudulent joinder is claimed, the Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[7]

> In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.[8]

Defendants contend that Plaintiff cannot establish a cause of action against Norris in state court. In particular, Defendants argue that Plaintiff "possesses no facts to indicate that Tad Norris, as opposed to another employee at Intermountain, was the person who received and lost the Hexport when it was sent back to Intermountain."[9] Defendants contend that the facts "demonstrate the only employee who can be connected to the missing Hexport is an employee 'Hairison.'"[10]

Having carefully reviewed the entire record, the Court finds that there is a reasonable basis to believe that Plaintiff might succeed in a claim against Defendant Norris. As set forth above, Norris was the primary investigator conducting the investigation for ICI. It was Norris

---

[5] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[6] *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[7] *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

[8] *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (citation omitted).

[9] Docket No. 12, at 4.

[10] *Id.* at 6.

who sent the Hexport to MorrFire for further analysis.[11] And Norris was the listed recipient of the Hexport when it was returned from MorrFire.[12] The fact that another individual may have signed for the package is largely irrelevant. It can be presumed that a package addressed to a certain individual will make its way to that individual, even if a different person initially receives that package. Moreover, as Plaintiff's proposed amended Complaint makes clear, Plaintiff's claim against Norris rests on more than the mere loss of the Hexport. Plaintiff also bases its claim on Defendants' alleged failures with respect to the entire investigation.

Defendants further argue that Plaintiff's Complaint fails to state a claim. Defendants argue that Plaintiff's claim fails because Utah does not recognize a tort claim for spoliation of evidence and Plaintiff's damages are barred by the economic loss rule. The burden on a party asserting fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."[13] "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."[14] Thus, even if Plaintiff fails to state a claim against Defendant Norris, remand is still required.

---

[11] Docket No. 2:12-CV-731 DB, Docket No. 23 Ex. A ¶ 21.

[12] *Id.* Ex. B ¶ 18; *id.* Ex. B-4.

[13] *Montano v. Allstate Indem.*, 211 F.3d 1278, at *2 (10th Cir. 2000) (unpublished table decision).

[14] *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 7) is GRANTED. The Clerk of the Court is directed to transfer this case to the Third Judicial District Court of Salt Lake County, Utah and close this case forthwith.

DATED this 15th day of November, 2016.

BY THE COURT:

Ted Stewart
United States District Judge